Mary Elizabeth Galvan
Donald L. Fritzen
Galvan & Fritzen
An Association of Sole Practitioners
Landmark Square
217 South First Street
Laramie, Wyoming 82070
(307) 745-7091

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 1 0 2009

Stephan Harris, Clerk
Cheyenne

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF WYOMING

| | |
|---|---|
| DANNY G. MARES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 2-09-CV-231-J |
| OCI WYOMING LP, a Delaware | ) |
| corporation, | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT

COMES NOW Danny G. Mares, Plaintiff herein, by and through his attorneys, Mary
Elizabeth Galvan and Donald L. Fritzen, and for his Amended Complaint against the Defendant,
states as follows:

1.    Plaintiff amends this Complaint with the consent of the Defendant and permission
of the Court for the purpose of correcting the caption of the above entitled matter.

2.     Plaintiff brings this action for declaratory relief, injunctive relief, monetary relief,
       damages, penalties, costs and attorneys' fees to redress injuries done to him by the
       Defendants in violation of the Americans with Disabilities Act, 42 U.S.C. § 121001
       and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  Plaintiff also brings claims
       under the common law of the State of Wyoming.

3.     Plaintiff seeks an order declaring Defendant's policies and practices as set forth
       below to be unlawful; enjoining Defendant from engaging in employment practices
       which operate as a deprivation of guaranteed civil and constitutional rights; requiring
       Defendant to compensate Plaintiff for damages suffered by him because of
       Defendant's actions and inactions and unlawful practices; ordering Defendant to pay
       exemplary damages; and requiring Defendant to pay Plaintiff's reasonable attorneys'
       fees and costs pursuant to 42 U.S.C. §1988.

3.     Further, this is an action under the common law of the State of Wyoming for
       compensatory relief and damages in contract and in tort for compensatory relief,
       damages, and exemplary damages for the tortious conduct of the Defendant for
       negligent supervision and for  intentional infliction of emotional distress and for
       other appropriate relief to redress issues under the common law of the State of
       Wyoming.

4.     This Court has jurisdiction over the parties and subject matter of this action and
       venue is proper in this Court.

5.     At all relevant times herein, Plaintiff was and is, a resident of Green River,
       Sweetwater County, Wyoming.

2

6.  Defendant is a Delaware corporation registered in the State of Wyoming and doing business in Sweetwater County, Wyoming, operating a trona mine.

7.  All actions complained of herein took place in Green River, Sweetwater County, Wyoming.

## ADMINISTRATIVE PROCEDURE

8.  On or about October 10, 2007, Plaintiff filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission and the Wyoming Department of Labor, charging discrimination in violation of the Americans with Disability Act.

9.  On or about July 16, 2009 the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue, granting the right to commence a civil action arising out of the facts underlying his Charge of Discrimination.

10. This action is timely brought within ninety (90) days of his receipt of his Notice of Right to Sue.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of Plaintiff's federal claims under the Americans with Disabilities Act.  The acts complained of herein took place wholly within Sweetwater County, Wyoming.

12. Jurisdiction and venue are proper in this Court on Plaintiff's State common law claims in that the causes of action arose in Sweetwater County, Wyoming; Delaware corporation authorized to do business in the State of Wyoming, and does business in Sweetwater County, Wyoming.

3

## GENERAL FACTUAL ALLEGATIONS

13.     Defendant operates a trona mine in Sweetwater County, Wyoming.

14.     Plaintiff began employment with Defendant at its Sweetwater County, Wyoming
        plant on August 30, 2004 as a trainee. He was promoted to the position of utility
        operator on September 30, 2004, and continued in that position until December 30,
        2004, when he was placed in construction. On April 18, 2005, Plaintiff was made
        a shuttle car operator, and continued in that position until his wrongful discharge on
        May 1, 2007.

15.     At all relevant times herein, Plaintiff performed his duties competently and in a loyal
        and dedicated manner.

16.     On or about November 22, 1995, prior to his employment with Defendant, Plaintiff
        had suffered a traumatic brain injury, which was not work related. He was in a coma
        for seven weeks, and suffered significant impairment of his physiological and brain
        functions, requiring a very lengthy post injury therapy to recover those functions,
        including those relating to speaking and locomotion. He continues to walk with a
        significant limp, has some balance issues, has some impaired memory recovery
        issues, and has slow speech processes. His resulting disability qualifies him as a
        disabled person under the Americans with Disabilities Act.

17.     At all relevant times herein, Defendant was on actual and constructive notice of
        Plaintiff's disability.

4

18.    Plaintiff's disability did not significantly impact his ability to perform the work he
       was assigned as Defendant's employee without accommodation except for
       accommodations for safety problems associated with his balance and locomotion.

19.    At all relevant times herein, Plaintiff was perceived as disabled by his supervisors
       and co-employees, who refused or otherwise failed to accept him as a co-employee
       as a direct and proximate result of said disabilities.

20.    As a direct and proximate result of his disabilities, Defendant, through its supervisors
       and co-employees, engaged in a campaign of harassment against Plaintiff which
       included ostracism, belittlement, denigration and debasement.    Plaintiff was
       subjected to unremitting belittlement as to whether he was drunk, retarded, backward,
       or stupid.

21.    The harassment to which Defendant was subjected had the purpose and effect of
       impacting conditions of his employment, and as a direct and proximate result of said
       harassment, Plaintiff suffered tangible adverse employment consequences.

22.    At all relevant times herein, Plaintiff's supervisors had actual immediate and
       successively higher authority over Plaintiff and the terms and conditions of his
       employment, and exercised that authority to Plaintiff's detriment.

23.    At all relevant times herein, Defendant had neither an effective means of reporting
       workplace hostile environment harassment on the basis of disability, nor an effective
       means of taking remedial action, including substantive investigation or response,
       when complaints were brought to its attention.

5

24.   As a result, Plaintiff's complaints were met with retaliation in the form of substantiating an otherwise pretextual basis for the harassment to which he was subjected and otherwise refused or failed to investigate or redress said harassment, and retaliated against Plaintiff for bringing his complaints to its attention with allegations of misconduct which Defendant knew or reasonably should have known were false and unsupportable.

25.   On or about June 10, 2006, Plaintiff's co-employees falsely reported that he was "staggering" and "unsteady" immediately prior to reporting to work.   Said observations resulted from Plaintiff's chronic limp and balance issues which had been the subject of harassment, intimidation and belittling by his co-employees in the past, and Defendant knew or reasonably should have known that said issues resulted from Plaintiff's disability.

26.   As a direct and proximate result of said false report, Plaintiff was prohibited from reporting to work and required to undergo immediate drug and alcohol testing. The results of those tests were negative for the presence of drugs or alcohol which would have impaired his ability to perform his work on that day.

27.   In spite of the results of those tests, Defendant took disciplinary action against the Plaintiff by suspending him without pay on that day.

28.   From November 18 to November 26, 2006, Plaintiff was absent from work because of an excused absence associated with common oral cold sores.

29.   On his return from work, Plaintiff was subjected to harassment by his supervisors and co-employees in the form of false allegations that his cold sores resulted from his

6

having "dirty sex" with prostitutes, comments that he was too "stupid" to protect himself because of his prior head injury, and comments related to false allegations that he engaged in "poor hygiene".

30. Plaintiff's attempts to seek redress for the harassment to which he was subjected resulted in Defendant's adopting, without reasonable or just cause, his supervisors' and co-workers' false allegations that Plaintiff's oral cold sores resulted from his poor hygiene and sexual habits.

31. At the time this particular form harassment commenced, Plaintiff had been employed by Defendant for more than two and a half years without complaints about his work performance, except for the false allegation of impairment on or about June 10, 2006, or his personal hygiene.

32. The harassment to which Plaintiff was subjected as a result of his cold sores continued unabated for the remainder of his employment, and at all relevant times herein, was adopted by and ratified by Defendant.

33. On or about February 17, 2007, Plaintiff provided documentation from his personal physician that he suffered from common cold sores and not from genital herpes.

34. On or about April 19, 2007, at the direction of the Defendant, Plaintiff's immediate supervisor, Phil Stipes, demanded to "look at" Plaintiff's tongue because there was no superficial evidence of cold sores present at that time.

35. Plaintiff objected to this "examination". Mr. Stipes had no medical training whatsoever; his demand was an absolute and inappropriate invasion of Mr. Mares' personal privacy; and the examination had no proper purpose other than to further the

7

harassment perpetrated against Plaintiff on the grounds that his condition resulted
from his stupidity resulting from his disability.

36. Plaintiff presented his medical diagnosis to Mr. Stipes at that time. Mr. Stipes
refused to accept the evidence of the medical diagnosis and to accuse Plaintiff falsely
of having contracted his cold sores because he had engaged in inappropriate "dirty
sex".

37. Plaintiff continued to be subjected to harassment and a hostile work environment as
a direct and proximate result of his disability his supervisors' and co-workers'
perceptions that his disability affected him socially and mentally, led to their
speculation, aloud, and in exceedingly offensive and vulgar terms, as to how he
contracted those cold sores for the remainder of his employment.

38. At all relevant times herein, Defendant, without reasonable cause, adopted and
ratified the hostile work environment harassment of Plaintiff's supervisors and co-
employees in continuing to retaliate against him for attempting to bring complaints
of harassment to its attention.

39. On or about May 1, 2007, Defendant terminated Plaintiff's employment without
legitimate business reason or excuse, on wholly pretextual grounds.

FIRST CAUSE OF ACTION
Violation of the Americans with Disabilities Act
42 U.S.C. § 121001
Civil Rights Act of 1991, 42 U.S.C. § 1981a

40. Plaintiff realleges Paragraphs 1 through 39 above as if fully set forth herein.

41. Plaintiff is a member of a protected class under the Americans with Disabilities Act, in that he is disabled or perceived as disabled; he was qualified for the position he held; he was discriminated against because of his disability and Defendant's perception that he was disabled, by being subjected to hostile working environment solely because of his disability and perceptions that he was disabled; and he suffered tangible adverse employment consequences as a direct result of said disability.

42. Plaintiff's supervisors with immediately and successively higher authority over Plaintiff and the terms and conditions of his employment, exercised that authority to Plaintiff's detriment, to engage in, participate in, and to ratify and condone the hostile work environment harassment to which Plaintiff was subjected.

43. Defendant knew or reasonably should have known of the hostile work environment to which Plaintiff was subjected, and refused to take remedial action, and otherwise engaged in, participated in, and ratified and condoned the hostile work environment harassment to which Plaintiff was subjected, and relied on such harassment, in the form of false allegations, to create a pretext to terminate Plaintiff's employment in violation of the Americans with Disability Act and the Civil Rights Act of 1991.

44. Defendant is liable for the actionable hostile environment created by its supervisors and co-employees.

45. Defendant refused or otherwise failed to have in place effective preventive or corrective policies to protect its employees, including Plaintiff, from unlawful discrimination on the basis of his disability or perceptions of his disability.

9

46. Defendant had no legitimate business reason for subjecting Plaintiff to outrageous hostile work place harassment which tangibly affected the terms and conditions of Plaintiff's employment to his detriment.

47. As a direct and proximate result of Defendant's actions and omissions, Plaintiff has been damaged in his person and in his property, has suffered nervous anxiety and emotional distress, loss of salary and other benefits of employment, and has been forced to incur attorneys' fees, all to his damage, in an amount to be shown at the trial of this matter.

48. Defendant engaged in discriminatory practices with malice and/or with reckless disregard of Plaintiff's federally protected rights which warrants imposition of exemplary damages under 42 U.S.C. § 1981a.

## SECOND CAUSE OF ACTION
### Breach of Employment Contract
### Negligent Supervision

49. Plaintiff realleges Paragraphs 1 through 48 as if fully set forth herein.

50. At all relevant times herein, the terms and conditions of Plaintiff's employment were subject to rules, regulations, policies and procedures which had the force and effect of an employment contract, which ensured that Plaintiff would not be subjected to hostile work environment harassment on the basis of his disability or Defendant's perception of his disability or to termination as a result of such disability.

51. By participating, engaging in, condoning, ratifying and adopting the hostile work environment harassment to which Plaintiff was subjected by his supervisors and co-workers under its control and supervision, and by terminating Plaintiff on pretextual

10

grounds unrelated to any legitimate purpose and without just cause, Defendant breached its employment contract with Plaintiff.

52. As a direct and proximate result of said breach of contract, Plaintiff has lost salary and other tangible benefits of his employment, all to his damage, in an amount to be shown according to proof at trial.

## THIRD CAUSE OF ACTION
### Violation of the Covenant of Good Faith and Fair Dealing

53. Plaintiff realleges Paragraphs 1 through 52 as if fully set forth herein.

54. At all relevant times herein, the employment contract between the Plaintiff and Defendant was subject to the covenant of good faith and fair dealing, and Plaintiff enjoyed a special relationship of trust and reliance with Defendant as a result of the promises contained in Defendant's rules, regulations, policies and procedures.

55. As a direct and proximate result of Defendant's ratifying and adopting the hostile work place harassment of its supervisors and subordinate employees directed at Plaintiff and its bald fabrication, without lawful reason or excuse, of pretextual grounds for Plaintiff's termination and other actions undertaken in subversion of the guarantees of those policies and the Americans with Disabilities Act, Defendant violated and utterly breached the covenant of good faith and fair dealing which existed in the contractual employment relationship between Plaintiff and Defendant.

56. Defendant had no legitimate reason for its subversion of laws, policies and procedures ensuring fair employment practices, and in doing so, arbitrarily and

11

capriciously deprived Plaintiff of salary, benefits and employment status, thereby violating and breaching the covenants of good faith and fair dealing.

57.     As a direct and proximate result of Defendants' breach of the covenants of good faith and fair dealing, Plaintiff has lost past and future salary, benefits and employment status, and has been forced to incur attorneys' fees, all to his detriment in an amount to be shown according to proof at time of trial.

58.     At all relevant times herein, Defendants' actions were wilful, wanton, arbitrary and capricious, and were undertaken for the express and intentional purpose of depriving Plaintiff of civil and employment rights, thereby justifying an award of punitive damages.

## FOURTH CAUSE OF ACTION
## Negligent Supervision

59.     Plaintiff realleges ¶¶ 1 through 58 as though fully set out herein.

60.     As an employer, Defendant had an affirmative duty under the law to provide Plaintiff with a workplace free of discrimination in the form of hostile work environment harassment by supervisors with immediate authority over the terms and conditions of Plaintiff's employment and to ensure Plaintiff that he would not suffer tangible adverse employment consequences as a result of such harassment.

61.     Defendant likewise had an affirmative duty under the law to provide Plaintiff with a workplace free of discrimination in the form of hostile work environment harassment by his supervisors and co-employees.

62.    Defendant knew or reasonably should have known that its failure to provide
       meaningful training and supervision of its supervisory employees with respect to
       issues of disability, perceptions of disability, discrimination on the basis of disability
       and perceptions of disability, and hostile work environment harassment and its
       failure to provide meaningful preventive and corrective policies concerning unlawful
       harassment or meaningful avenues of redress to adversely affect employees would
       have the effect of subjecting its employees to an unlawful hostile work environment
       with consequent physical and emotional injury to its employees, including Plaintiff.

63.    Defendant knew or reasonably should have known, and were on actual and
       constructive notice of a continuing practice of offensive hostile work environment
       harassment and discrimination on the basis of disability or perceptions of disability
       by its supervisors and subordinate employees in violation of the Americans with
       Disabilities Act, the Wyoming Fair Employment Act, and the Civil Rights Act of
       1991, and the detrimental effect of such harassment, discrimination and retaliation
       against affected employees, including, but not limited to the Plaintiff, but refused or
       otherwise failed to take remedial action to prevent their recurrent impact on its
       affected employees.

64.    Defendant negligently and recklessly disregarded their duty to train and supervise its
       supervisory and subordinate employees and negligently and recklessly disregarded
       its duty to provide meaningful avenues of redress for actions of hostile work place
       harassment and discrimination.

13

65.     As a direct and proximate result of Defendant's negligent supervision and failure to train and supervise its supervisory employees and negligent failure to provide meaningful avenues of redress to employees adversely impacted by hostile workplace harassment, Plaintiff has suffered damage to his person and to his property, has suffered nervous anxiety and emotional distress, loss of employment opportunity, loss of salary and other benefits of employment, and has been forced to incur attorneys' fees, all to his damage in an amount to be shown at the trial of this matter.

66.     Defendant's negligence was wilful, intentional, and malicious, and otherwise reckless in the extreme and such as to amount to an intentional and/or reckless disregard of the rights of Plaintiff which were arbitrary, capricious, intentional, willful, malicious, and in deliberate disregard of Plaintiff's rights, so as to warrant the imposition of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION
### Negligent and Intentional Infliction of Emotional Distress

67.     Plaintiff realleges Paragraphs 1 through 66 as if fully set forth herein.

68.     Defendant knew or reasonably should have known that the conduct its supervisors and subordinate employees towards the Plaintiff, which included outrageous and egregious hostile work environment harassment in the form of deliberate and malicious humiliation, embarrassment, debasement, and denigration of the Plaintiff over matters outside his control, and its adopting and ratifying said harassment through deliberate, malicious, and self-serving misrepresentations of fact, and would

14

inflict and did in fact inflict severe and irremediable emotional and physical distress on the Plaintiff.

69. Defendant knew or reasonably should have foreseen that its reckless disregard of its duty terms and conditions of their em to supervise and train its supervisors with respect to issues of discrimination and hostile work environment harassment, would have the effect of subjecting its employees to extreme emotional distress through unredressed and unlawful harassment by supervisors with immediate authority over the employment.

70. The actions of the Defendant were egregious, offensive and extreme, so as to shock the conscience and to violate all principles of common decency in a civilized society.

71. As a direct and proximate result of Defendant's intentional and/or reckless acts and omissions which had the intent and/or foreseeable result of inflicting extreme emotional distress on employees subjected to unlawful workplace harassment by their supervisors and co-employees, and its retaliation in the form of terminating his employment for his bringing complaints to its attention, Plaintiff has suffered damage in his person and in his property, has suffered nervous anxiety and extreme emotional distress and physical and emotional injury, loss of employment opportunity, loss of salary and other benefits of employment, and has been forced to incur attorneys' fees, all to his damage in an amount to be shown at the trial of this matter.

72. Defendant's acts and omissions were arbitrary, willful, intentional, malicious and reckless in the extreme and undertaken in deliberate disregard of Plaintiff's civil and

15

other rights, so as to amount to a reckless disregard of his rights, and warrant the imposition of exemplary and punitive damages.

WHEREFORE, Plaintiff prays this Court as follows:

1. For declaratory and injunctive relief declaring Defendants's policies and practices to be discriminatory and unlawful and permanently enjoining Defendant from continuing to engage in discriminatory practices and from permitting the existence of workplaces under its authority and control to be permeated with discrimination and hostile work environment harassment against disabled persons and persons perceived to be disabled, to the detriment of its employees and requiring Defendant to institute meaningful preventive and corrective policies calculated to prevent and redress injuries to its employees resulting from sexual harassment and otherwise from violations of their civil rights.

2. For judgment against Defendant in favor of Plaintiff on his civil rights claims in an amount sufficient to compensate him for his injuries caused by the unlawful actions and omissions of Defendant, such relief to include reinstatement, back pay, front pay, compensation for lost benefits, and compensatory and punitive damages under the Americans with Disabilities Act and the Civil Rights Act of 1991.

3. For judgment against Defendant on Plaintiff's State common law claims in an amount sufficient to compensate him for the injuries inflicted on him by Defendant's actions and failure to act.

4. For punitive and exemplary damages against Defendant for its utter and malicious violations of the Plaintiff's civil and common law rights.

5.     For Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, on

his civil rights claims and as otherwise may be reasonable and just on his other

causes of action.

6.     For such other and further relief as this Court may deem to be just and equitable.

Dated this 9th day of December, 2009.

Mary Elizabeth Galvan
Wyoming State Bar No. 5-1879
Galvan & Fritzen
An Association of Sole Practitioners
Landmark Square
217 South First Street
Laramie, Wyoming 82070
(307) 745-7091

Donald L. Fritzen
Wyoming State Bar No. 5-2649
Galvan & Fritzen
An Association of Sole Practitioners
Landmark Square
217 South First Street
Laramie, Wyoming 82070
(307) 745-7091

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing on the Defendant by mailing the same by United States Mail, proper postage prepaid, on the 9th day of December, 2009 and by electronic filing and service, to its attorneys, addressed as follows:

Paula A. Fleck
Susan L. Combs
Holland & Hart, LLP
P. O. Box 68
Jackson, Wyoming 83001

Mary Elizabeth Galvan

18